**LaMonica Herbst & Maniscalco, LLP**
*Moving Forward. Staying Ahead.*®

**Holly R. Holecek, Esq.**
Partner
p: 516.826.6500 x225
hrh@lhmlawfirm.com

August 28, 2020

Honorable Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*461 7th Avenue Market, Inc. v. Delshah 461 Seventh Avenue, LLC, et al.*
**Case No.: 7:20-cv-06216-PMH**

Dear Judge Halpern:

On behalf of Marianne T. O'Toole, the Chapter 7 Trustee ("Trustee") of the estate of 461 7th Avenue Market, Inc. ("Debtor"), we write in accordance with the Court's Order dated August 26, 2020 scheduling a conference to discuss the application by the former debtor-in-possession (hereinafter, "Former DIP") for an Order to Show Cause [ECF Nos. 25, 26, 27] (hereinafter, "Application").

**I.    Background**

There can be no dispute that Debtor and its landlord, Delshah 461 Seventh Avenue LLC ("Landlord"), have been enmeshed in litigation since at least January 2017. By motion dated June 12, 2020, Landlord moved to dismiss Debtor's case or convert Debtor's case to one under Chapter 11 of the Bankruptcy Code and, alternatively, to compel rejection of the lease ("Landlord Motion"). See Bankr. ECF No. 168. The Landlord Motion was noticed for hearing on July 9, 2020, see Bankr. ECF No. 168-7, with objections to be filed by July 2, 2020, see id. Debtor opposed the Landlord Motion ("Debtor Objection"). See Bankr. ECF Nos. 173, 174. Landlord replied to Debtor's Objection. See Bankr. ECF Nos. 177, 178.

Following a hearing conducted on July 9, 2020, the Bankruptcy Court entered an Order on July 15, 2020 that, inter alia, converted Debtor's case to one under Chapter 7 of the Bankruptcy Code. See Bankr. ECF No. 183 ("Conversion Order"). On July 16, 2020, the Office of the United States Trustee appointed Marianne T. O'Toole as Interim Trustee for Debtor's estate, see Bankr. ECF No. 185, and the Trustee has since become the permanent Chapter 7 Trustee of Debtor's estate. Thereafter, the Bankruptcy Court denied Debtor's motion for reconsideration. See Bankr. ECF No. 191 ("Reconsideration Order"). On June 22, 2020, a combined notice of appeal of the Conversion Order and the Reconsideration Order was filed behalf of the Former DIP. See Bankr. ECF No. 192.

**II.   Former DIP's Application**

Former DIP now seeks: (i) a preliminary injunction; (ii) a stay pending appeal; (iii) to be reinstated as the Chapter 11 debtor-in-possession; and (iv) to operate the deli/market notwithstanding the conversion of Debtor's case to Chapter 7 and appointment of the Trustee.

**A. Former DIP Does Not Have Standing to Pursue the Appeal**

Upon conversion of the case to Chapter 7, an estate was created over which the Trustee has sole control. See 11 U.S.C. § 541(a)(1) (bankruptcy estate includes "all legal or equitable interests of

**LaMonica Herbst & Maniscalco, LLP**

the debtor in property as of the commencement of the case"); 11 U.S.C. § 323(a) ("trustee in a case under this title is the representative of the estate"). The Trustee's control extends to the power to prosecute legal claims on behalf of Debtor. See Fed. R. Bankr. P. 6009 ("the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal").

In Quest Ventures, Ltd. v. IPA Mgmt. IV, LLC, No. 17-CV-4026 (JMA), 2018 U.S. Dist. LEXIS 25225 (E.D.N.Y. Feb. 15, 2018), the United States District Court for the Eastern of New York granted a Chapter 7 trustee's motion to dismiss a debtor's appeal of an order converting its case from one under Chapter 11 to one under Chapter 7. The Quest Ventures Court noted that the debtor's "management could have appealed the Conversion Order in their own right, as persons aggrieved, if they could demonstrate that they have been injured peculiarly." Id. at * 7 (internal quotations omitted). Having failed to do so, the Quest Ventures Court held that they could not now "usurp the *corporation's* right to appeal, which may be exercised by the trustee alone." Id. (emphasis in original) (internal quotations omitted). See also VR King Constr., LLC v. Y2 Yoga Cotswold, LLC, No. 3:19-cv-472-GCM, 2020 U.S. Dist LEXIS 114404 (W.D. N.C. June 30, 2020) (dismissing appeal of conversion order by debtor – who also sought reconsideration of order converting its case – because debtor lacked standing to pursue appeal). Here, the appellant is the Former DIP and not its owners or management. See, e.g., ECF No. 1 (notice of appeal filed by Former DIP not its owners). Only the Trustee may act for the Debtor. Separately, notwithstanding the post hoc changes to the caption, management has not and cannot now file a timely appeal.

### B. Former DIP Cannot Meet Its Burden of Proof for a Stay Pending Appeal

Assuming, arguendo, Former DIP has standing to pursue this appeal, Former DIP has not met its burden of proof for a stay pending appeal. When determining whether to grant a stay pending appeal, the following factors are considered: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009). "The burden is on the moving party to establish these elements." In re New York Skyline, Inc., 520 B.R. 1, 5 (Bankr. S.D.N.Y. 2014). "A stay of a judgment pending an appeal is an exercise of judicial discretion and is not a matter of right, even if irreparable injury might otherwise result." Id.

1. Former DIP is not likely to succeed on the merits of this Appeal because it cannot demonstrate that the Bankruptcy Court abused its discretion in either converting the case or denying reconsideration its discretion. See Lynch v. Vaccaro (In re Lynch), 795 F. App'x 57, 59 (2d Cir. 2020) ("order converting a bankruptcy case for cause is reviewed for abuse of discretion"); Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008) (denial of a reconsideration motion is reviewed for abuse of discretion). The record below reflects that Debtor was provided with notice and an adequate hearing and that Debtor (by counsel) opposed the Landlord Motion. See Bankr. ECF Nos. 168, 173-74. The Bankruptcy Court exercised its discretion and properly applied section 1112(b) of the Bankruptcy Code to convert Debtor's Chapter 11 case to one under Chapter 7.

Local Bankruptcy Rule 9014-2 did not require the Bankruptcy Court to conduct a second hearing. See also Lynch, 795 F. App'x at 59 ("a full evidentiary hearing is not required as long as the record permits the bankruptcy court to 'draw the necessary inferences' to determine cause"). In fact, the Bankruptcy Court could have converted Debtor's case "*sua sponte* '[as] necessary or appropriate

**LaMonica Herbst & Maniscalco, LLP**

to enforce or implement court orders or rules, or to prevent an abuse of process.'" Lynch, 795 F. App'x at 59 (citing 11 U.S.C. §105).

      2.    Former DIP's argument that it will be irreparably injured absent a stay is unpersuasive. As an initial matter, Former DIP waited almost a month from the date of conversion to even seek a stay. The Debtor was not operating when the Trustee was appointed on July 16. And, there have been no business operations since at least July 15. Debtor was not able to reorganize after nearly 2.5 years in Chapter 11 and, as such, it is entirely speculative to assert Former DIP would be able to confirm a plan were its case reconverted. See In re Derivium Capital, LLC, No. 05-15042-JW, 2006 Bankr. LEXIS 4181, at *11 (Bankr. D.S.C. Jan. 20, 2006) (finding no irreparable harm where debtor wanted to pursue litigation to reorganize). In any event, there can be no irreparable injury where money damages are adequate compensation. Pisarri v. Town Sports Int'l, LLC, 758 F. App'x 188, 190 (2d Cir. 2019) (citing Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc., 596 F.2d 70 (2d Cir. 1979)).

      3.    A stay will substantially injure the other parties to the Debtor's case including the creditors, Landlord and the Trustee. Administrative fees and expenses (i.e., insurance, security for the premises, etc.) and other potential liabilities would accrue. Delay is not in the best interests of Debtor's creditors.

      4.    While Former DIP complains that Landlord has been less than virtuous and has caused financial harm to Mr. Park individually, Former DIP fails to articulate a public interest favoring a stay. Public interest is best served by the public policy of ensuring a just and speedy resolution of bankruptcy cases. See, e.g., In re Nichols, No. 4:18-bk-09638-BMW, 2020 Bankr. LEXIS 477, at *12 (Bankr. D. Ariz. Feb. 21, 2020).

The Trustee notes that Former DIP has not proffered a bond or other security necessary to ensure payment of costs on appeal.

### C. Former DIP Cannot be Reinstated as a Debtor-in-Possession Pending Appeal

Former DIP does not merely seek to maintain the status quo. Instead, while the appeal is pending, Former DIP seeks to have its case reconverted, to have it restored to its status as a debtor-in-possession, and authority to resume business operations, notwithstanding the appointment of a Chapter 7 trustee. Stated differently, Former DIP seeks to treat the Conversion Order as reversed during the pendency of this appeal. Former DIP cites no statute or case to support this extraordinary proposition and the Trustee is not aware of any such authority. Moreover, due to intervening actions and Orders, this appeal may already be equitably moot.

Finally, we note that Trustee's counsel endeavored to discuss the proposed stipulation with Former DIP's counsel but never received a return call or email.

In accordance with the Court's August 26, 2020 Order, the foregoing is intended as an overview of the issues presented by the Application. The Trustee reserves all of her rights and an opportunity to fully brief the issues. Thank you for your consideration.

                                      Respectfully submitted,
                                      *s/ Holly R. Holecek*
                                      Holly R. Holecek