

1900 Bausch and Lomb Place
Rochester, New York 14604
P 585-987-2800  F 585.454.3968

WOODS OVIATT GILMAN LLP

1900 Main Place Tower
Buffalo, New York 14202
P 716.248.3200  F 716-854-5100

www.woodsoviatt.com

*Writer's Direct Dial Number: 716.248.3210*
*Writer's Direct Fax Number: 716.248.3310*
*Email:  wsavino@woodsoviatt.com*

August 28, 2020

**VIA CM/ECF ONLY**
Hon. Philip M. Halpern
United States District Court
500 Pearl Street
New York, New York 10038

   Re: In re 461 7th Avenue Market, Inc., Appellant
     Civ. No. 20-6216-PHM

Dear Judge Halpern,

  Pursuant to Your Honor's Order of August 27, 2020, Appellee, 461 Seventh Avenue LLC ("Landlord"), provides an outline of issues to be raised in a telephone conference scheduled for August 31, 2020 at 12:00 p.m. regarding the Appellant's application for a stay pending appeal.

  First, at the August 17, 2020 conference with the Court, Landlord raised the need for a bond or undertaking in connection with the proposed stay pending appeal, and the Court concurred with such a requirement in light of accruing economic harm. (Transcript annexed as **Exhibit A**, p. 29).  As with its prior papers, Appellant's new Order to Show Cause and supporting papers tellingly omit any reference to or proposal for posting a bond or undertaking.

  Second, Appellant's request seeks more than a stay; rather it would unwind the proceeding and transfers the Chapter 7 Trustee during the month and a half since the Bankruptcy Court's Conversion Order was filed on July 15, 2020.

  Yesterday, a hearing was held before Judge Drain at which the Judge granted relief embodied in an Order filed August 27, 2020 confirming abandonment, directing rejection of the Lease and directing immediate surrender of the Premises to the Landlord." a copy of which is annexed as **Exhibit B.**  Additionally, Landlord waived a claim for Chapter 7 rents. Appellant, though aware of the hearing, filed no papers although Ms. Matera attended the hearing but she remained silent. Later yesterday, the Chapter 7 Trustee for the Appellant consented to Landlord's changing the locks to effect her surrender of possession as early as today.

August 28, 2020
Page 2

Additionally, yesterday, Judge Drain entered an Order (**Exhibit C**) acknowledging the Trustee's abandonment of the personal property and a Stipulation and Order respecting Turnover of Cash Collateral (**Exhibit D**) which provided that, of the $52,616.14 held by the bankruptcy estate, $50,498.08 was turned over to secured creditor, Bank of Hope, and the trustee was authorized to reimburse itself $2,117.16 for expenses.  Thus, the estate has no remaining cash.

Although Appellant's papers asserted that Debtor's counsel held $250,000 ostensibly to pay secured claims (Appellant's Memo of Law p 6), the Debtor has steadfastly refused to turn over that escrow to the Trustee despite Judge Drain's Order signed on July 29, 2020 "Directing Turnover of Escrowed Funds" (**Exhibit E**)

Thus, Appellant requests this Court to unwind these transactions and require Landlord to restore possession and force Bank of Hope to disgorge the funds transferred to it by Appellant's Trustee.  Landlord would lose the opportunity to lease the property to another tenant or otherwise dispose of the property.  The Trustee (and, should it win this appeal, Appellant) would then be placed in a position of owing post-conversion rent.  Yet, Appellant shockingly proposes no undertaking or bond to compensate the parties harmed by the unwinding.

Appellant proposes to continue its operations, but not only have its monthly operating reports shown substantial operating losses (over $45,000 in losses in June 2020 alone) there are no funds on hand to operate the business.  More importantly, the Appellant would nonetheless be faced with complying with the rulings of the Department of Buildings ("DOB") that Debtor was in violation of building codes including lack of handicapped access to restrooms on the second floor and requiring interior access stairways. At the July 9, 2020 hearing, Debtor did not dispute prior testimony that the cost of such alterations would exceed $400,000, funds that the Debtor did not have.  As a result, after two years of proceedings before the DOB, this obstacle precludes Debtor from curing these defaults and assuming the Lease.  That was the basis for conversion of the Chapter 11 case, a fact omitted from Appellant's request for a stay pending appeal.

In colloquy with this Court on August 17, 2020, Your Honor noted (at Exhibit A Transcript p. 22) the representation by Landlord's counsel that the parties agreed to be bound by the decision of the DOB, and, if that were the case, "I don't want to waste time on things I don't need to waste time on."

Annexed as **Exhibit F** is a "Statement Regarding DOB Determination" filed with the Bankruptcy Court on December 13, 2018 which states at ¶3 that there would be a joint submission to the DOB regarding code compliance and that "the outcome will be deemed final for purposes of conditional lease assumption determination in Bankruptcy."   At a hearing on the next day, December 14, 2020 (Transcript annexed as **Exhibit G**), Judge Drain confirmed with all counsel that the Statement was "consistent with, I think the parties' efforts to move along with this . . . . " (Transcript p. 8).   Then, Judge Drain commented on the pending review by the DOB and stated: "And if the answer is yes, then, you know, then it's a conditional assumption. If the answer is no, then basically the case is open [sic]." (12/14/2018 Transcript p. 20).  The word "open" as transcribed should have been "over."  This was the "deal" of the parties, and upon the DOB's decision adverse to the Debtor, Judge Drain determined that the Debtor could not cure the

August 28, 2020
Page 3

default under the Lease and, thus, could not assume the Lease. Accordingly, conversion under Section 1112 of the Bankruptcy Code was warranted.

Appellant argues that the Bankruptcy Court did not conduct a full evidentiary hearing on the conversion motion even though the Second Circuit held in Lynch v. Vaccaro, 795 Fed. Appx 57, 2020 U.S. App LEXIS 5177 (2d Dep't 2020) that a full evidentiary hearing on conversion is not required.

In re BH S&B Holdings LLC, 439 B.R. 342 (Bankr. S.D.N.Y. 2010) the Court noted that "Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under section 1112(b). 439 B.R. at 346. Judge Drain properly exercised his discretion.

As pointed out by the Trustee at the August 17, 2020 hearing, a Debtor has no standing to appeal from an order for conversion once a Chapter 7 trustee has been appointed, Quest Ventures, Ltd. v. IPA Mgt. IV, LLC, 2018 U.S. Dist. LEXIS 25225 (E.D.N.Y. 2/15/2018).

Finally, although Appellant's Memorandum of Law cited generic case law regarding stays pending appeal, it cites no decisions regarding conversion to Chapter 7. In In re Hi-Toc Dev. Corp., 159 B.R. 691 (S.D.N.Y. 1993) the District Court denied a Debtor's motion for a stay pending appeal of an order converting its Chapter 11 case to Chapter 7 and held that there was no likelihood of reorganization, that a stay would prolong the bankruptcy proceeding with no foreseeable offsetting gain thus injuring creditors, and that "permitting the use of Chapter 11 in this manner would be contrary to the public interest." Appellant's request for a stay should likewise be denied.

Respectfully,

*/s/William F. Savino*

William F. Savino
Please direct responses to Buffalo Office

WFS/bxs
Enclosures

cc: Michael S. Kimm, Esq.
    Holly R. Holecek, Esq.