# LaMonica Herbst & Maniscalco, LL

*Moving Forward. Staying Ahead.*®

The Court shall hold a telephonic conference at 9:30 a.m. on November 24, 2020. At the time of the scheduled conference, all parties shall call: (888) 398-2342; access code: 3456831.

On or before 5:00 p.m. on November 20, 2020, the Appellant, Appellee, and Trustee shall each file a letter, no longer than two pages, on the issue of whether the interlocutory appeal has divested this Court of jurisdiction.

The Clerk of the Court is respectfully directed to terminate the pending motion sequences at Docs. 46 and 49.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated:  New York, New York
          November 3, 2020

Honorable Philip M. Halpern
United Stated District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*461 7th Avenue Market, Inc. v. Dels*
Case No.: 7:20-cv-06216-PMH

Dear Judge Halpern:

  On behalf of non-party Marianne T. O'Toole, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of 461 7th Avenue Market, Inc. ("Debtor"), we write in accordance with section 2.C. of Your Individual Practices in Civil Cases to request a pre-motion conference. As set forth below, the Trustee seeks leave to file a motion to dismiss the appeal. In the event the Court is not inclined to allow the Trustee to file a motion to dismiss the appeal at this time, the Trustee respectfully requests either: (i) a pre-motion conference prior to filing a motion for leave to file an *amicus curiae* brief pursuant to Rule 8017(a) of the Federal Rules of Bankruptcy Procedure; or, alternatively (ii) that this appeal be held in abeyance until such time as the United States Court of Appeals for the Second Circuit rules on the appeal of the Court's October 2, 2020 Memorandum Opinion and Order, without prejudice to the Trustee's right to later seek to file an *amicus curiae* brief.

## I. Background

  Following a hearing conducted on July 9, 2020, the Bankruptcy Court entered an Order on July 15, 2020 that, <u>inter alia</u>, converted Debtor's case to one under Chapter 7 of the Bankruptcy Code. <u>See</u> Bankr. ECF No. 183 ("<u>Conversion Order</u>"). On July 16, 2020, the Office of the United States Trustee appointed Marianne T. O'Toole as Interim Trustee for Debtor's estate, <u>see</u> Bankr. ECF No. 185, and the Trustee has since become the permanent Chapter 7

LAMONICA HERBST & MANISCALCO, LLP

Trustee of Debtor's estate. Thereafter, the Bankruptcy Court denied Debtor's motion for reconsideration. See Bankr. ECF No. 191 ("Reconsideration Order"). On July 22, 2020, a combined notice of appeal of the Conversion Order and the Reconsideration Order was filed behalf of the Former DIP. See Bankr. ECF No. 192. On August 7, 2020, the appeal was docketed in this Court.

On August 12, 2020, former debtor-in-possession (hereinafter, "Appellant") filed an application for an Order to Show Cause, which was denied by Order dated August 13, 2020. See ECF Nos. 6-9, 12. On August 26, 2020, the Appellant refiled an application for an Order to Show Cause seeking: (i) a preliminary injunction; (ii) a stay pending appeal; (iii) to be reinstated as the Chapter 11 debtor-in-possession; and (iv) to operate the deli/market notwithstanding the conversion of Debtor's case to Chapter 7 and appointment of the Trustee ("Application"). See ECF Nos. 25-27. On September 2, 2020, the Court entered an Order to Show Cause with respect to the Application. See ECF No. 33. On September 11, 2020, in accordance with the Order to Show Cause, the Trustee and appellee Delshah 461 Seventh Avenue, LLC ("Appellee") each opposed the Application. See ECF Nos. 34, 35. On September 18, 2020, the Appellee replied. See ECF No. 39.

On September 28, 2020, the Appellant filed its brief in accordance with Rule 8018(a)(1) of the Federal Rules of Bankruptcy Procedure. See ECF No. 40.

On October 2, 2020, the Court issued a Memorandum Opinion and Order denying the Appellant's Application based on lack of standing to make the Application and based on the Court's conclusion that the Appellant failed to make the showing required for a stay pending appeal. See ECF No. 42. On October 15, 2020, Appellant filed a notice of appeal of the Court's Memorandum Opinion and Order to the United States Court of Appeals for the Second Circuit ("Second Circuit").

LAMONICA HERBST & MANISCALCO, LLP

On October 28, 2020, the Appellee filed its brief in accordance with Rule 8018(a)(2) of the Federal Rules of Bankruptcy Procedure. See ECF No. 42.

**II.    Relief Requested**

The Trustee respectfully requests a pre-motion conference prior to filing a motion to dismiss this appeal.

**a.    The Appellant Does Not Have Standing**

"The primary purpose of [C]hapter 7 bankruptcy is to liquidate estate assets and distribute the proceeds to creditors, under the supervision of the Court and without unsanctioned interference from creditors of the debtor." In re Riley, No. 13-61356, 2017 WL 4334033, at *4 (Bankr. N.D.N.Y. Sept. 28, 2017) (citing In re Comcoach Corp., 698 F.2d 571, 573 (2d Cir. 1983)). Consequently, "[t]he commencement" of a Chapter 7 proceeding "creates an estate" which—with exceptions—includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Second Circuit has explained that "[e]very conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541" and that § 541 encompasses "causes of action owned by the debtor or arising from property of the estate." Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008) (internal quotation marks omitted).

Once appointed, a trustee "is the representative of the estate," 11 U.S.C. § 323(a), with the "capacity to sue and be sued," 11 U.S.C. § 323(b). As observed by the Supreme Court:

> the Bankruptcy Code gives the trustee wide-ranging management authority over the debtor. In contrast, the powers of the debtor's directors are severely limited. Their role is to turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors. Congress contemplated that when a trustee is appointed, [s]he assumes control of the business, and the debtor's directors are completely ousted.

LAMONICA HERBST & MANISCALCO, LLP

Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352-53 (1985) (internal

citations and quotation marks omitted). In short, "[o]nce appointed, the trustee assumes control

over the debtor's entire estate and all such interests" and that "control is not limited to the

corporation's management. The trustee also assumes the sole power to prosecute legal claims on

behalf of the debtor." Quest Ventures, Ltd. v. IPA Mgmt. IV, LLC, No. 17-CV-4026, 2018 WL

922145, at *1-2 (E.D.N.Y. Feb. 15, 2018).

In this case, the appellant is the Debtor. See, e.g., ECF No. 1 (notice of appeal filed solely

on behalf of the Debtor not its principal, Young Il Park). Only the Trustee may act for the

Debtor. The Appellant does not have standing to pursue this appeal and, accordingly, the appeal

should be dismissed.

### b.  **The Appeal is Equitably Moot**

Assuming arguendo the Appellant had standing (and it does not), the appeal should

nevertheless be dismissed as equitably moot. A series of inalterable events have occurred since

this appeal was taken in July 2020. Among other things, the Debtor's personal property has been

abandoned, the Debtor's premises have been surrendered, the lease was rejected and there are

currently no funds remaining in the Debtor's estate. Neither Appellant nor Young Il Park

objected to the abandonment of the Debtor's lease or personal property, or the Appellee's motion

to compel the rejection of the lease and surrender of the premises. Fatally, neither Appellant nor

Young Il Park sought a stay with respect to the corresponding Orders of the Bankruptcy Court

and the circumstances have inalterably changed.

The Second Circuit described the doctrine of equitable mootness as follows:

> An appeal should also be dismissed as moot when, even though effective relief
> could conceivably be fashioned, implementation of that relief would be
> inequitable. . . . Such a dismissal is appropriate when the appellant has made no
> effort to obtain a stay and has permitted such a comprehensive change of

LaMonica Herbst & Maniscalco, LLP

circumstances to occur as to render it inequitable for the appellate court to reach the merits of the appeal.

In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir. 1993) (internal quotation and citations omitted). In Chateaugay Corp. v. LTV Steel Co. (In re Chateaugay Corp.), 10 F.3d 944 (2d Cir. 1993) (hereinafter, "Chateaugay II"), the Second Circuit elaborated upon equitable mootness and highlighted the following constitutional and equitable considerations for determining whether an appeal is moot:

> (a) the court can still order some effective relief . . . ; (b) such relief will not affect the re-emergence of the debtor as a revitalized corporate entity . . . ; (c) such relief will not unravel intricate transactions so as to knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court . . . ; (d) the parties who would be adversely affected by the modification have notice of the appeal and an opportunity to participate in the proceedings . . . ; and (e) the appellant pursued with diligence all available remedies to obtain a stay of execution of the objectionable order . . . if the failure to do so creates a situation rendering it inequitable to reverse the orders appealed from[.]

Id. at 952–53 (internal quotations and citations omitted) (emphasis added). See also R2 Invs., LDC v. Charter Commc'ns, Inc. (In re Charter Commc'ns, Inc.), 691 F.3d 476, 482 (2d Cir. 2012) (relying on Chateaugay II equitable mootness considerations). An appeal of a bankruptcy transaction is equitably moot unless all five of the Chateaugay II factors are met. See Kassover v. Gibson (In re Kassover), 98 F. App'x 30, 31 (2d Cir. 2004).

In this case, reversing the Conversion Order and the Reconsideration Order would unravel a series of transactions that have occurred in the months since this appeal was taken. The doctrine of equitable mootness obligated the Appellant to pursue its claims or forfeit them, and the Appellant chose to forfeit them. It would be inequitable, if not impossible, to turn back the clock.

Respectfully submitted,

*s/ Holly R. Holecek*

cc (by email): Michael S. Kimm, Esq., William F. Savino, Esq., Mark A. Frankel, Esq.