UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE 461 7TH AVENUE MARKET, INC., <br><br> Debtor. | **ORDER** <br><br> 20-CV-06216 (PMH) |

PHILIP M. HALPERN, United States District Judge:

This Order resolves the appeal pressed on behalf of the Debtor[1] challenging the July 15th and July 20th Orders issued by Judge Robert D. Drain of the U.S. Bankruptcy Court for the Southern District of New York. (Not. of App.).

Over a year ago, on October 2, 2020, this Court issued a Memorandum Opinion and Order denying the Debtor's request for a stay pending resolution of the instant appeal ("October 2020 Decision"). (Doc. 42). The Debtor appealed that decision to the U.S. Court of Appeals for the Second Circuit on October 15, 2020. (Doc. 45). By Opinion dated December 15, 2021—and the Mandate filed on January 5, 2022—the Second Circuit affirmed the October 2020 Decision ("December 2021 Opinion"). (Doc. 58).[2]

On January 6, 2022, the day after the Mandate was filed, the Court issued an Order directing each party "to file a letter, no longer than three double-spaced pages . . . providing the Court with its position as to the impact of the Second Circuit's ruling on the merits of the underlying appeal." (Doc. 59). The Debtor, the Creditor, and the Trustee each filed a letter on

---

[1] Capitalized terms not otherwise defined herein retain the meaning ascribed to them in the October 2020 Decision. (*See* Doc. 42).

[2] Both the October 2020 Decision and the December 2021 Opinion are available on commercial databases. *See In re 461 7th Ave. Mkt., Inc.*, 623 B.R. 681 (S.D.N.Y. 2020), *aff'd* No. 20-3555, 2021 WL 5917775 (2d Cir. Dec. 15, 2021). The Court cites, however, to the copies of those decisions filed on the docket.

January 10, 2022. (Doc. 61; Doc. 62; Doc. 63; Doc. 64).[3] The Court held a status conference by telephone on January 13, 2022. Counsel for the Debtor, the Creditor, and the Trustee appeared. (Jan. 13, 2022 Min. Entry). As stated on the record during the conference, the Debtor advised that it did not intend to file a reply brief in further support of its appeal and the Court deemed the appeal "fully briefed and *sub judice*." (*Id.*).

The Debtor filed its opening brief,[4] along with a "Request for Judicial Notice of Papers Filed in NY County Supreme Court Action,"[5] on September 28, 2020. (Doc. 40, "App. Br."; Doc. 41). Approximately two weeks later, on October 12, 2020, the Debtor filed two letters seeking to rectify errors pertaining to its appendix on appeal. (Doc. 43; Doc. 44).[6] The Creditor filed its opposition brief on October 28, 2020. (Doc. 47, "Opp. Br.").

For the reasons set forth below the Bankruptcy Orders are AFFIRMED.

## STANDARD OF REVIEW[7]

The Bankruptcy Orders are reviewed for abuse of discretion. *In re Lynch*, 795 F. App'x 57, 59 (2d Cir. 2020) ("An order converting a bankruptcy case for cause is reviewed for abuse of discretion." (citing *In re Blaise*, 219 B.R. 946, 950 (2d Cir. B.A.P. 1998))); *In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. 212, 219 (E.D.N.Y. 2014) ("[T]he Court reviews an order

---

[3] The Creditor filed its letter twice. (*Compare* Doc. 62, *with* Doc. 63).

[4] The Court notes that the Debtor's brief confusingly argues, *inter alia*, that "the Court should grant [a] stay pending review . . . ." (App. Br. at 53). The question of a stay was answered by the October 2020 Decision and the December 2021 Opinion.

[5] The Court is entitled, of course, to take judicial notice of matters filed in state court. *In re Plumeri*, 434 B.R. 315, 318 n.1 (S.D.N.Y. 2010) ("The Court may take judicial notice of state court filings.").

[6] This was, presumably, in response to the Court's observation in the October 2020 Decision about the appendix's disarray. (Doc. 42 at 1 n.1 ("The appendix totals almost 4,600 pages and the pagination reflected in the table of contents does not correspond properly to the documents contained therein.")).

[7] Familiarity with the procedural history and facts recounted previously is presumed. (*See* Doc. 42 at 1-9).

denying reconsideration for an abuse of discretion."); *see also Amelio v. Piazza*, No. 18-CV-11420, 2019 WL 5199600, at *3 (S.D.N.Y. Aug. 27, 2019), *aff'd sub nom. In re Amelio*, 857 F. App'x 665 (2d Cir. 2021); *In re AMR Corp.*, 566 B.R. 657, 665 (S.D.N.Y. 2017). "An abuse of discretion may consist of an error of law or a clearly erroneous finding of fact, or a decision that, though not necessarily the product of a legal error or a clearly erroneous factual finding[,] cannot be located within the range of permissible decisions." *Santa Rosa Mall, LLC v. Sears Holdings Corp.*, No. 20-CV-03923, 2021 WL 4429507, at *2 (S.D.N.Y. Sept. 27, 2021) (quoting *In re Salander-O'Reilly Galleries, LLC*, 475 B.R. 9, 19 (S.D.N.Y. 2012) (alteration in original)). "Abuse of discretion is a high standard" for a litigant to meet. *Leopard Marine & Trading, Ltd. v. East St. Ltd.*, 896 F.3d 174, 194 (2d Cir. 2018).

## ANALYSIS

The Debtor presents three arguments in support of its position that Judge Drain abused his discretion in rendering the Bankruptcy Orders. Specifically, the Debtor argues that Judge Drain: (1) erred in converting the proceeding because he misapplied 11 U.S.C. § 1112(b); (2) deprived it of due process by hearing the conversion motion on July 9, 2020, when that date was scheduled for an appearance concerning the Creditor's failure to maintain insurance; and (3) erred by not disqualifying Commissioner Raine and the DOB's determination given a suspected conflict of interest. (*See* App. Br. at 39-53).[8]

The Court addresses the arguments *seriatim*.

---

[8] The first two arguments presented in the Debtor's brief—i.e., that Judge Drain erred in his § 1112(b) analysis and in hearing the conversion motion on July 9, 2020—are (with minor stylistic changes) line-by-line identical to arguments presented in the Debtor's prior brief to the Second Circuit. (*Compare* App. Br. at 39-51, *with* App. No. 20-3555, Doc. No. 158 at 43-54).

I.    Application of the § 1112(b)(4) Factors

"[O]n request of a party in interest, and after notice and a hearing, the court shall convert a

case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is

in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. § 1112(b)(1). The statute

provides "sixteen examples of events that may constitute cause." *In re Jenkins*, No. 17-CV-05189,

2018 WL 2139209, at *2 (E.D.N.Y. May 9, 2018) (quoting *In re BH S&B Holdings, LLC*, 439

B.R. 342, 346 (Bankr. S.D.N.Y. 2010)); *see also* 11 U.S.C. §§ 1112(b)(4)(A)-(P). Those examples

represent "a non-exhaustive list of circumstances constituting cause." *Lynch v. Barnard*, 590 B.R.

30, 36 (E.D.N.Y. 2018) (citing *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 and n.5 (2d Cir.

1997)), *aff'd sub nom. In re Lynch*, 795 App'x 57 (2d Cir. 2020)); *see also In re Casse*, 198 F.3d

327, 334 (2d Cir. 1999) (noting that "the statute illustrates [cause] by a list of specified

occurrences"). "Once cause for relief is shown, 'the [Bankruptcy] Court has broad discretion to

either convert or dismiss the Chapter 11 case. Although this discretion is not completely unfettered,

the [Bankruptcy] Court is not required to give exhaustive reasons for its decision.'" *In re Jenkins*,

2018 WL 2139209, at *2 (quoting *In re AdBrite Corp.*, 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003)

(alterations in original)).

As explained above—and in both the October 2020 Decision and the December 2021

Opinion—Judge Drain was not required to consider every factor under § 1112(b)(4) to find cause

to convert the matter into a proceeding under Chapter 7. (Doc. 42 at 18 ("[T]he Debtor cites no

authority—and the Court has found none—requiring a sixteen-point analysis to convert a

proceeding. The statute provides merely a non-exhaustive list of exemplary scenarios that *might*

constitute cause." (emphasis in original)); Doc. 58 at 4 (noting that the "§ 1112(b) list is

'illustrative' of circumstances that constitute cause for conversion" (quoting *In re C-TC 9th Ave.*

*P'ship*, 113 F.3d at 1311)). To the extent, therefore, that the Debtor insists Judge Drain erred by

not considering specifically every consideration under § 1112(b)(4), that argument is rejected. (*See*

App. Br. at 47 (complaining that the balance of "1112(b) factors . . . militate" against conversion)).

As for Judge Drain's analysis, there is neither an error of law nor a clearly erroneous

finding of fact in the rationale underlying the July 15th Order. Judge Drain, looking to the record

before him, concluded that: (1) cause to convert the proceeding existed under § 1112(b)(4)(A) (i.e.,

"substantial or continuing loss to or diminution of the estate and the absence of a reasonable

likelihood of rehabilitation"); and (2) given the Debtor's consistent failure to confirm a

reorganization plan, conversion was in the creditors' best interests. (*See* Doc. 42 at 15-19).

In short, Judge Drain's adjudication of the motion was not an abuse of discretion.

II.     Due Process Implications of Hearing the Motion on July 9, 2020

The Creditor filed its motion to convert the proceeding on June 12, 2020 and, with that

motion, it filed a notice advising that a hearing on the motion would be heard approximately one

month later, at 10:00 a.m. on July 9, 2020. (*See* A4255-369). The Debtor filed its opposition to the

Creditor's motion—which, itself, reflects a "Return Date" of July 9, 2020 at 10:00 a.m.—on July

2, 2020. (*See* A4400-21). The Creditor responded on July 6, 2020. (*See* A4423-28). The next day,

July 7, 2020, Judge Drain issued an Order outlining procedures and setting deadlines for

submissions prior to the July 9, 2020 appearance. (*See* A4429-32). With a full evidentiary record

and no facts in dispute, Judge Drain held the hearing on the date noticed. (*See* A4433-82).

There is absolutely no basis to conclude that Judge Drain denied the Debtor a meaningful

opportunity to be heard. *See In re Lynch*, 795 F. App'x at 59 ("[A] full evidentiary hearing is not

required as long as the record permits the bankruptcy court to draw the necessary inferences to

determine cause." (internal quotation marks omitted)); *In re C-TC 9th Ave. P'ship*, 113 F.3d at

1312 ("When the record is sufficiently well developed to allow the bankruptcy court to draw the

necessary inferences to dismiss a Chapter 11 case for cause, the bankruptcy court may do so."); *In*

*re Tiana Queen Motel, Inc.*, 749 F.2d 146, 150 (2d Cir. 1984) (rejecting argument "that § 1112(b)

requires the holding of a full evidentiary hearing prior to the entry of a conversion order").

Judge Drain did not abuse his discretion on this point either, as the decision to hold the

noticed hearing, on the noticed date, at the noticed time (after outlining appearance procedures and

setting deadlines for additional submissions), with the parties present, was not only well within the

range of permissible decisions, but within the normal parameters of due process.

III.    Commissioner Raine's Purported Conflict of Interest

The Debtor insists that—notwithstanding the agreement to abide the DOB's determination

—Commissioner Raine's conclusions should not have been accepted because, before assuming his

role at the DOB, Commissioner Raine worked on a project on the Creditor's behalf. (App. Br. at

51-53; *see also* A3080). The Debtor made this same argument to Judge Drain on the record at the

July 9, 2020 appearance. (A4456-58). After considering that argument, Judge Drain concluded:

> [T]here is something called the Rooker-Feldman Doctrine . . . . It
> has just, again, been endorsed by the Second Circuit yesterday. It's
> based on two Supreme Court cases which [h]old that a lower federal
> court, i.e. not the Supreme Court, cannot effectively act as an
> appellate court for an action taken by another court, a state court. I
> cannot review, therefore, your issue with the DOB. That is an issue
> you have to deal with the DOB.
>
> . . . .
>
> If, in fact, it turns out that the DOB or a court . . . of competent
> jurisdiction under the state law system determines the DOB
> decision-makers were conflicted, then there is an ability to undo an
> order converting this case. But at this point, on this record, I'm not
> going to do that.

(A4458).

Judge Drain did not misapply any law when he recognized that he lacked jurisdiction to overturn the DOB's determination, and the Debtor does not explain how it was an abuse of discretion for Judge Drain to conclude that the Debtor's objection would have to first be exhausted through the process afforded by the DOB before he could adjudicate it. As the New York State Supreme Court, County of New York, has explained, "a person allegedly aggrieved by the DOB . . . must exhaust his or her administrative remedies via an appeal to the [Board of Standards & Appeals] before seeking judicial review." *Stathis Enters., LLC v. City of New York*, No. 161107/2017, 2019 WL 1421375, at \*2 (N.Y. Sup. Ct. Mar. 29, 2019); (*see also* A4405 (quoting *Stathis Enters., LLC*, 2019 WL 1421375, at \*2)).

In light of the foregoing, finding neither an error of law nor a clearly erroneous finding of fact, Judge Drain did not abuse his discretion in his adjudication of this issue.

IV.     The July 20th Order

Although not briefed specifically, the Debtor also appealed Judge Drain's decision on its motion for reconsideration, which was construed as a motion under Federal Rules of Civil Procedure 59 and 60 (incorporated into the Federal Rules of Bankruptcy Procedure by Rules 9023 and 9024). Notwithstanding the Debtor's failure to expand on its challenges to the July 20th Order specifically, the Court has reviewed that decision and finds no abuse of discretion. Indeed, Plaintiff's reconsideration motion reiterates the same arguments raised during the July 9, 2020 appearance. (*See* A4497-578). Rehashing arguments already presented to—and rejected by—the Court is not a basis for granting the relief the Debtor sought. *In re Joe's Friendly Serv. & Son,*

*Inc.*, No. 14-REG-70001, 2020 WL 3120288, at *8 (Bankr. E.D.N.Y. June 11, 2020), *leave to appeal denied*, 628 B.R. 181 (E.D.N.Y. 2021); *In re AMR Corp.*, 566 B.R. at 665-66.[9]

## CONCLUSION

Based upon the foregoing, the Court concludes that Judge Drain did not abuse his discretion in granting the Creditor's motion to convert the bankruptcy proceeding from one under Chapter 11 to one under Chapter 7 or denying the Debtor's motion for reconsideration. The Bankruptcy Orders are, therefore, AFFIRMED.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED:**

Dated:   White Plains, New York
         March 21, 2022

_____
PHILIP M. HALPERN
United States District Judge

---

[9] To the extent the reconsideration motion raised the new issue of waiver, that would not be a basis for granting the motion because such motions are "not an opportunity to present the case under new theories, securing a rehearing on the merits, or otherwise take a second bite at the apple." *In re Wansdown Props. Corp. N.V.*, 626 B.R. 141, 145 (Bankr. S.D.N.Y. 2021) (internal quotation marks omitted); *see also In re Residential Cap., LLC*, 528 B.R. 570, 578 (Bankr. S.D.N.Y. 2014); (*see also* Doc. 58 at 3 n.1 (noting that the Debtor forfeited arguments not raised in its initial opposition papers)).